E-FILED
Friday, 09 October, 2026 02:49:04 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> **v.** <br><br> **JAMAR SCOTT,** <br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 23-cr-30067** |

# OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

On November 7, 2024, a grand jury in the Central District of Illinois returned a Fourth Superseding Indictment against Defendant charging various counts of Bank Fraud, Conspiracy to Commit Bank Fraud, Conspiracy to Commit Aggravated Identity Theft, and Aiding and Abetting Aggravated Identity Theft. (Doc. 87). A final pretrial conference was held on October 7, 2026. Trial is set for October 19, 2026.

In preparation for the pretrial conference, the parties filed a number of pretrial motions. Relevant here, the Government moved to admit into evidence coconspirator statements under Federal Rule of Evidence 801(d)(2)(E) and made a proffer of its evidence as contemplated in *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). (Doc. 223). The Government later supplemented the filing with the evidence it sought to introduce. (Doc. 233). At the conference, the Court granted the Government's *Santiago* motion over Defendant's objection and advised that this written order would follow.

## I. DISCUSSION

Rule 801(d)(2)(E) provides that statements offered against an opposing party that were made by the party's coconspirator during and in furtherance of the conspiracy are admissible as nonhearsay. When a statement made by a coconspirator is proffered by the Government, a preliminary question as to its admissibility arises under Rule 104. *United States v. Santiago*, 582 F.2d 1128, 1130–31 (7th Cir. 1978); *see also United States v. Clemon*, 186 F.4th 415, 425–26 (7th Cir. 2026) (describing a *Santiago* Proffer). The Government must establish by a preponderance of the evidence that 1) a conspiracy existed; 2) the defendant and declarant were members of the conspiracy; and 3) the statement was made during the course and in furtherance of the conspiracy. *Santiago*, 582 F.2d at 1131, 1134; *Clemon*, 186 F.4th at 425.

In proving the existence of a conspiracy for purposes of Rule 801(d)(2)(E), the Government need not establish all elements of a criminal conspiracy, only that there was "a joint venture or concerted action" for an illegal purpose or for a legal purpose using illegal means. *United States v. Coe*, 718 F.2d 830, 835 (7th Cir. 1983); *United States v. Gil*, 604 F.2d 546, 549 (7th Cir. 1979). Furthermore, "[a] conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." *Salinas v. United States*, 522 U.S. 52, 63 (1997); *see also United States v. Longstreet*, 567 F.3d 911, 919 (7th Cir. 2009).

Moreover, any statement that is "part of the information flow between conspirators intended to help each perform his role" satisfies the "in furtherance"

requirement. *United States v. Alviar*, 573 F.3d 526, 545 (7th Cir. 2009). "[T]he coconspirator's statement need not have been exclusively, or even primarily, made to further the conspiracy." *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir. 2010) (internal quotation marks omitted). So long as there is some reasonable basis for concluding that the statement furthered the conspiracy, even if there are multiple interpretations, it is admissible. *Id.* And any statement made by a conspirator during and in furtherance of the conspiracy is admissible against all coconspirators. *United States v. Rivera*, 136 F. App'x 925, 926 (7th Cir. 2005) ("Whether any other conspirator heard (or, in this instance, saw) that statement is irrelevant; agency, not knowledge, is the theory of admissibility."); *United States v. Lindemann*, 85 F.3d 1232, 1238 (7th Cir. 1996) (collecting cases) ("[C]oconspirator statements are not subject to the [personal knowledge] requirements of Rule 602.").

Defendant concedes coconspirator statements made from August of 2023 through October of 2023 between himself, Parker, and Stalling, are admissible under Rule 801(d)(2)(E). (Docs. 227 and 229). Defendant instead objects to coconspirator evidence predating August 2023, though acknowledges that a conspiracy existed between Parker and Stalling since at least December 2022. (Doc. 227). He takes issue with the Government seeking to use coconspirator statements against him that predated his involvement in the conspiracy.

The Indictment charges acts occurring between December of 2022 and September of 2023. The Government proffers that between the same time, Defendant Scott and his

co-defendant, Parker, engaged in loan fraud using fraudulent identifying information to access Home Equity Lines of Credit in others' names. The Government specifically alleges transactions involving Defendant occurring on September 19, 21, and 22 of 2023, defrauding three victims. It further alleges that the conspiracy existed since at least December of 2022, as banks were defrauded thirty other times in multiple states and jurisdictions. But only Parker and Stalling are specifically alleged to have participated in acts predating August of 2023; Scott is alleged to have become involved "no later than August of 2023." (Doc. 223 at 19). Despite this, the law is clear that "[u]nder Rule 801(d)(2)(E), a conspirator's statement is admissible against conspirators who join the conspiracy after the statement is made." *United States v. Sophie*, 900 F.2d 1064, 1074 (7th Cir. 1990) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 393 (1948); *United States v. Balistrieri*, 778 F.2d 1226, 1230–31 (7th Cir. 1985)); *United States v. Handlin*, 366 F.3d 584, 590 (7th Cir. 2004).

Neither is exclusion under Rule 403 warranted. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Defendant contends that the introduction of coconspirator statements between Stalling and Parker predating August of 2023 would "lead a jury to believe that [Defendant] must be guilty of this new conspiracy because it looks a lot like the other ones" (*i.e.*, the previous examples of bank

fraud between Stalling and Parker). (Doc. 227). Various rationales support the admissibility of coconspirator statements as nonhearsay:

> Perhaps the most common reason is that, by virtue of being part of a conspiracy, coconspirators authorize, directly or implicitly, the statements of other members of the conspiracy. . . . But, as some commentators have observed, a more practical rationale underpinning Rule 801(d)(2)(E) may be necessity, as conspiracies tend to be secret enterprises yet some of the best evidence—and perhaps essential evidence if a prosecutor is to prove a defendant's guilt beyond a reasonable doubt—will be statements about the conduct of other co-conspirators. . . . As a policy matter, then, it is arguably appropriate to burden a person who chooses to engage in a conspiracy or an ongoing criminal enterprise . . . with the risk that false or inaccurate co-conspirators' statements will be used against him or her.

*Clemon*, 186 F.4th at 425 (internal quotation marks omitted). In consideration of the above, Defendant has not shown that exclusion under Rule 403 is warranted and he does not challenge the sufficiency of the Government's proffer for any other reason under *Santiago*. *See id.* at 1131, 1134 (describing Rule 801(d)(2)(E) elements). Therefore, the proffered coconspirator statements are admitted.

## II. CONCLUSION

Based on the foregoing reasons, and those articulated at the final pretrial conference on October 7, 2026, the Government's *Santiago* Proffer (Doc. 223) is GRANTED and the proffered coconspirator statements are ADMITTED. Defendant's objection to portions of the Government's exhibit list on the same basis is OVERRULED. (Doc. 229).

ENTER: October 9, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE